**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANTWAN POTTS,

        Plaintiff,

        v.

NORTHEAST ILLINOIS REGIONAL
COMMUTER RAILROAD CORPORATION
d/b/a METRA,

        Defendant.

Case No. 1:25-cv-06156

Judge Elaine E. Bucklo

---

**DEFENDANT METRA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT**

NOW COMES Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA ("METRA"), by and through its attorneys, and hereby presents the following Response in Opposition to Plaintiff's Motion for Relief from Judgment. In support, METRA states as follows:

**<u>INTRODUCTION</u>**

Plaintiff seeks relief from this Court's May 8, 2026, Order dismissing Count III of the First Amended Complaint. ECF No. 72; ECF No. 75. However, Plaintiff does not seek relief from a "final judgment" and his Motion identifies no mistake, inadvertence, surprise, or excusable neglect relating to this Court's dismissal of Count III, nor does it identify any extraordinary circumstance warranting relief under Rule 60(b)(1) or (6).

Instead, Plaintiff's Motion rests primarily on allegations that prior counsel mishandled separate administrative proceedings. ECF No. 75-1 at p. 2 ("The Plaintiff's previous attorney missed essential deadlines in the OSHA, IDHR and EEOC cases."). But Count III was not dismissed because of any procedural default by Plaintiff or his previous counsel. Rather, the Court

1

dismissed Count III on the legal basis that Plaintiff's wage discrimination claim was preempted by the Railway Labor Act and, alternatively, because the claim was time-barred. ECF No. 72 at pp. 13-15. Plaintiff likewise devotes a substantial portion of his Motion to reasserting the same deficient Railway Labor Act preemption arguments previously raised in opposition to Metra's Motion to Dismiss. Compare ECF No. 75-1 at pp. 8-10 with ECF No. 57 at pp. 12-15. The Court has already considered and rejected those arguments. ECF No. 72 at pp. 13-15.

Because Plaintiff merely repackages arguments previously presented to and rejected by this Court and fails to establish any basis for relief under Rule 60(b)(1) or Rule 60(b)(6), his Motion should be denied.

## LEGAL STANDARDS

"Rule 60(b) permits a court to relieve a party only from a final judgment, order, or proceeding." *Hawkins v. City of Harvey*, No. 21 C 04777, 2025 U.S. Dist. LEXIS 167839, at *11 (N.D. Ill. Aug. 28, 2025) (quotations omitted). Plaintiff files his motion under Rule 60(b)(1), and (b)(6). ECF No. 75 at ¶ 5. Under Rule 60(b)(1) a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(6), a movant must "show extraordinary circumstances justifying the reopening of a final judgment." *United States v. Williams*, 2025 U.S. Dist. LEXIS 213554, *3 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536). Courts have considerable discretion in denying Rule 60(b) motions. *See Fields v. City of Chicago*, 981 F.3d 534, 554 (7th Cir. 2020). Relief under Rule 60 is "an 'extraordinary remedy' reserved for 'exceptional circumstances.'" *Taylor v. Metropolitan Water Reclamation District of Chicago,* No. 15-cv-7855, 2025 U.S. Dist. LEXIS 149221, at *3 (N.D. Ill. Aug. 4, 2025) (quoting *Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014)).

I. **PLAINTIFF'S REQUEST FOR RULE 60(B) RELIEF IS PROCEDURALLY DEFECTIVE.**

A Rule 60(b) motion to reconsider "applies only to a final judgment, order, or proceeding." *See Carnes v. HMO Louisiana, Inc.*, 114 F.4th 927, 929 (7th Cir. 2024) (citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015)). Rule 60(b) permits relief only from a "final judgment, order, or proceeding," and therefore does not apply where the challenged ruling is interlocutory and does not dispose of the entire case. *See United States v. Olsen*, No. 98 C 2170, 2001 U.S. Dist. LEXIS 10098, at *5 (N.D. Ill. July 18, 2001) (explaining that Rule 60(b) did not apply because the ruling did not dispose of the entire case and the court did not enter a final judgment); *see also Bovinett v. HomeAdvisor, Inc.*, No. 20-3221, 2022 U.S. App. LEXIS 9469, at *9 (7th Cir. Apr. 8, 2022) (Rule 60(b) does not apply "to obtaining review of a ruling that is separate from the judgment").

Here, Plaintiff expressly seeks relief under Rule 60(b)(1) and Rule 60(b)(6) from the Court's May 8, 2026, Order dismissing Count III of the Amended Complaint. ECF No. 75 at ¶¶ 1-5. However, the Court's May 8, 2026, Order did not dispose of the entire case. To the contrary, the Court permitted Plaintiff to file a Second Amended Complaint consistent with the Court's ruling on or before June 8, 2026. ECF No. 72 at p. 16; ECF No. 75 at ¶ 2 ("Plaintiff may file a second amended complaint consistent with this decision on or before June 8, 2026."). Further demonstrating that the May 8, 2026, Order was not a final judgment that disposed of the entire case, the Court allowed Plaintiff to replead certain claims against the Union within certain parameters and permitted Plaintiff's Title VII discriminatory termination and retaliation claims against Metra to proceed. ECF No. 72 at pp. 11-13. Accordingly, because the Court did not dispose of the entire case and instead granted Plaintiff leave to file a Second Amended Complaint consistent with its Order, Plaintiff's Rule 60(b) motion is procedurally improper. *See Lauderdale-*

*El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) ("The most obvious example: a district court dismisses a complaint for failure to state a claim but allows the plaintiff to amend the complaint. In most cases, such an order is not a final judgment ...."); *see also Mogan v. American Arbitration Ass'n*, No. 25 C 12308, 2026 U.S. Dist. LEXIS 86202, at *3 (N.D. Ill. Apr. 20, 2026) (denying plaintiff's motion for reconsideration and explaining that the Rule 60(b) motion is improper because there has been no final judgment since the Court expressly granted plaintiff leave to amend the complaint).

Therefore, because the Court did not dispose of the entire case and instead granted Plaintiff leave to file a Second Amended Complaint consistent with its Order, Plaintiff's Rule 60(b) motion is procedurally improper. In any event, even assuming Rule 60(b) applies, Plaintiff fails to satisfy Rule 60(b)(1) or Rule 60(b)(6).

## II.   PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER RULE 60(b)(1) BECAUSE PLAINTIFF FAILS TO ESTABLISH EXCUSABLE NEGLECT.

Plaintiff seeks relief under Rule 60(b)(1) based on allegations concerning the conduct of his former attorney in separate OSHA, IDHR and EEOC proceedings. ECF No. 75 at ¶ 5; ECF No. 75-1 at p. 2. Even accepting Plaintiff's allegations as true for purposes of this Motion, they do not establish "mistake, inadvertence, surprise, or excusable neglect" warranting relief from this Court's May 8, 2026, Order. ECF No. 72; Fed. R. Civ. P. 60(b)(1).

Under Rule 60(b)(1), a judgment can be vacated if a party shows "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *Milwaukee Electric Tool Corp. v. Individuals, Corps., et al.*, No. 24 C 12487, 2025 U.S. Dist. LEXIS 216016, at *4-5 (N.D. Ill. Nov. 3, 2025). The Seventh Circuit has explained that "[i]nexcusable neglect on the part of an attorney is not grounds for granting a Rule 60(b)(1) motion." *Hawkins v. City of Harvey*, No. 21 C 04777, 2025 U.S. Dist. LEXIS 167839, at *15 (N.D. Ill. Aug. 28, 2025) (citing *Sparrow v. Heller*, 116

4

F.3d 204, 206 (7th Cir. 1997)). Courts evaluate whether a party's mistake or neglect is excusable by considering factors such as "good faith and reason for the delay, whether it was within the movant's control, the danger of prejudice to the non-movant, and the interests of efficient judicial administration." *Id*. (citing *United States v. Brown,* 133 F.3d 993, 996 (7th Cir. 1998)).[1]

Here, Plaintiff's argument fails because the alleged neglect did not occur in this action and bears no relationship to the basis for this Court's dismissal of Count III. Plaintiff argues that his former attorney failed to respond to motions in separate OSHA, EEOC and IDHR proceedings, resulting in the dismissal of those matters. *See* ECF No. 75-1 at pp. 2-3, 6. Plaintiff further alleges that prior counsel missed deadlines due to illness and that Plaintiff subsequently retained new counsel. *Id*. at pp. 7-8. However, Plaintiff identifies no mistake, inadvertence, surprise, or excusable neglect relating to the proceedings before this Court or the entry of the May 8, 2026, Order. *See Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir. 1983) (affirming denial of Rule 60(b) motion where movants' allegations were "essentially irrelevant to the legal issues upon which the case turned").

Moreover, Plaintiff's allegations concerning prior counsel are particularly misplaced because Count III was not dismissed due to any procedural default by Plaintiff or his prior counsel. The Court dismissed Count III after concluding that Plaintiff's wage discrimination claim was preempted by the Railway Labor Act because resolution of the claim would require interpretation of the collective bargaining agreement. ECF No. 72 at p. 14. The Court further concluded that,

---

[1] Plaintiff relies on *In re Brand Name Prescription Drugs Antitrust Litigation,* for the proposition that attorney negligence may constitute excusable neglect and that courts should consider equitable factors in determining whether neglect is excusable. 171 F.R.D. 213 (N.D. Ill. 1997); ECF No. 75-1 at p. 6. However, that case is distinguishable because the court applied the excusable neglect standard in the context of a Rule 6(b)(2) motion (not a Rule 60(b) motion) seeking an extension of a deadline in the very litigation before the court after counsel mistakenly delivered an opt-out notice to the wrong address. *Id*. at 216-17. Here, Plaintiff does not identify any missed deadline, failure to comply with a court order, or neglect occurring in this litigation. Rather, Plaintiff relies on alleged misconduct by prior counsel in separate administrative proceedings. ECF No. 75-1 at p. 6. Accordingly, *In re Brand Name Prescription Drugs Antitrust Litigation,* does not support relief under Rule 60(b).

even if Plaintiff's theory were construed as a challenge to Metra's seniority system, the claim was time-barred because Plaintiff alleged that the challenged pay disparities existed as early as 2020, and any seniority system that yielded those alleged inequities had to have been in place before that date, and thus long before plaintiff filed his EEOC charge. *Id.* at p. 15. Thus, the Court's dismissal rested on independent grounds unrelated to any alleged failure in entirely separate administrative proceedings by Plaintiff's former counsel.

Plaintiff improperly relies exclusively on alleged attorney negligence in separate administrative proceedings to support relief under Rule 60(b)(1). Attorney negligence that is within the control of the party or counsel does not constitute excusable neglect and therefore does not warrant relief under Rule 60(b)(1). *See Hawkins v. City of Harvey*, No. 21 C 04777, 2025 U.S. Dist. LEXIS 167839, at *17-19 (N.D. Ill. Aug. 28, 2025) (attorney mistakes or failures are not excusable neglect under Rule 60(b)(1) when within the party's or counsel's control; explaining a party has an affirmative duty to vigilantly oversee and ultimately bear responsibility for its attorneys' actions or failures, and neglect or misapprehension by counsel alone does not justify relief); see, e.g., *Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 245 (7th Cir. 2003) (affirming denial of a Rule 60(b) motion based on the moving party's lawyer's neglect, explaining that the plaintiff "should not have been able to shift the burden of its lawyer's neglect to the court and defendant"). [2]

Indeed, courts routinely reject Rule 60(b)(1) motions where the asserted neglect bears no

---

[2] Plaintiff cites *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership,* for the proposition that the "excusable neglect" standard applies where a party's failure to comply with a court order is attributable to negligence, and that courts should consider all relevant circumstances in determining whether neglect is excusable. 507 U.S. 380, 393-95 (1993); ECF No. 75-1 at pp. 5-6. However, *Pioneer* is inapplicable here. In *Pioneer*, the alleged excusable neglect arose from counsel's failure to timely file a proof of claim in the very proceeding before the court. *Id.* at 384-86. Here, by contrast, Plaintiff does not identify any missed deadline, failure to comply with a court order, or neglect occurring *in this litigation*, nor could he as his former attorney did not file nor appear in the instant federal court matter. Rather, Plaintiff relies on alleged misconduct by prior counsel in separate administrative proceedings. ECF No. 75-1 at p. 6. Accordingly, *Pioneer* does not support Rule 60(b) relief under the circumstances presented here.

relationship to the basis for dismissal. *See Leyva-Quinto v. PowerVolt Group,* No. 1:25-cv-10700, ECF No. 86, at 3 (N.D. Ill. May 27, 2026) ("[T]he Court did not dismiss Plaintiff's complaint based on her absence from any hearing or as a sanction due to Plaintiff's or counsel's neglect. The complaint was dismissed on the independent legal ground of *res judicata*. Rule 60(b)(1) has no application here."); *see also Chapman v. AFSCME Council 31,* No. 17 C 8125, 2019 U.S. Dist. LEXIS 248195, at *3 (N.D. Ill. June 6, 2019) (denying Rule 60(b) motion where movants raised "a number of seemingly unrelated issues, none of which provide a ground for relief under Rule 60(b)"); *Kibbons v. Board of Education,* No. 19 C 1468, 2025 U.S. Dist. LEXIS 47489, at *7 (N.D. Ill. Mar. 4, 2025) (denying Rule 60(b) motion where movant "rehashes the same non-responsive arguments" and "does not point to any … basis … that would alter the Court's reasoning"). The same is true here. Even accepting Plaintiff's allegations regarding prior counsel as true, those allegations do not undermine the Court's conclusion in this case that Count III is preempted by the Railway Labor Act and, alternatively, time barred.

**A. Plaintiff's Equitable Tolling Argument Does Not Justify Rule 60(b) Relief.**

Plaintiff's equitable tolling argument is an improper attempt to relitigate issues already considered and rejected and does not present the type of new evidence that could not have been discovered earlier or extraordinary circumstances required for Rule 60(b) relief.

From the outset, Rule 60(b) relief is unavailable where a movant asserts equitable tolling arguments without new evidence, extraordinary circumstances, retroactive changes in the law, or some other circumstance that would be exceptional, such as fraud on the Court. *See Warren v. Vasquez*, No. 1:20-cv-02201-SEB-TAB, 2021 U.S. Dist. LEXIS 86910, at *2 (S.D. Ind. May 5, 2021) (denying Rule 60(b) relief where plaintiff sought relief on, in addition to previously-raised arguments, a scrivener's error, federal court equitable tolling, a different injury onset date, and the

continuing harm doctrine, none of which relied on new evidence or demonstrated circumstances warranting Rule 60(b) relief). Similarly, courts deny Rule 60(b) relief where a movant seeks reconsideration based on equitable tolling arguments grounded in alleged attorney error that amounts to "garden variety" negligence and does not demonstrate a manifest error of law or fact or other exceptional circumstances. *See Youngmark v. Boughton,* No. 18-cv-911-pp, 2020 U.S. Dist. LEXIS 115648, at *20 (E.D. Wis. July 1, 2020) (rejecting equitable tolling argument based on alleged attorney misconduct and concluding that such "garden variety" errors do not support equitable tolling or Rule 60(b) relief where no new evidence or manifest error was shown).

Moreover, the "threshold necessary to trigger equitable tolling is very high," and to qualify for equitable tolling plaintiff must show: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lombardo v. United States,* 860 F.3d 547, 551 (7th Cir. 2017). In support of his equitable tolling argument, Plaintiff relies on *Holland v. Florida,* 560 U.S. 631 (2010).[3] However, critical to Plaintiff's argument, the Seventh Circuit has explained, a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not constitute an extraordinary circumstance under *Holland* and does not justify equitable tolling. *See Lombardo v. United States,* 860 F.3d 547, 552-555 (7th Cir. 2017) (holding that "mistakes or miscalculations" by a party's attorney do not satisfy the "extraordinary circumstances" element for equitable tolling

---

[3] Plaintiff's reliance on *Holland v. Florida,* 560 U.S. 631 (2010), *Maples v. Thomas,* 565 U.S. 266 (2012), and *Pabon v. Mahanoy,* 654 F.3d 385 (3d Cir. 2011) (non-binding Third Circuit authority), is also misplaced because each case addressed equitable tolling or procedural default in the context of habeas proceedings where the alleged extraordinary circumstance directly prevented the litigant from complying with the filing deadline or procedural requirement at issue in that same case. *See Holland,* 560 U.S. at 649-652 (holding AEDPA's statute of limitations is subject to equitable tolling where petitioner shows diligence and that an extraordinary circumstance stood in his way and prevented timely filing, including serious attorney misconduct); *Maples,* 565 U.S. at 271-75 (habeas case finding "cause" to excuse procedural default based on attorney abandonment); *Pabon,* 654 F.3d at 399-401 (habeas corpus case; holding that inability to read or understand English, combined with lack of translation or legal assistance, may warrant equitable tolling). Accordingly, those cases do not support relief under Rule 60(b) from this Court's dismissal of Count III.

8

because such errors do not constitute external obstacles beyond the party's control.)

Moreover, Plaintiff argues that equitable tolling is warranted because his prior attorney allegedly failed to properly prosecute OSHA, EEOC, and IDHR proceedings. ECF No. 75-1 at pp. 7-8. However, those allegations concern separate administrative proceedings and do not undermine the basis for this Court's dismissal of Count III. *Bennett v. Robinhood Financial LLC*, No. 24 CV 03829, 2025 U.S. Dist. LEXIS 68698, at *5 (N.D. Ill. Apr. 10, 2025) (denying Rule 60(b) relief where movant raised arguments "not…related to the [grounds for dismissal]"). Count III was dismissed because the Court concluded that the claim was preempted by the Railway Labor Act and, alternatively, time barred. ECF No. 72 at pp. 13-15. Thus, equitable tolling cannot and does not alter the Court's conclusion that Count III is preempted by the Railway Labor Act. ECF No. 72 at p. 14.

To the extent Plaintiff believes he was harmed by prior counsel's conduct before the administrative agencies, his remedy lies with those proceedings, not through Rule 60 relief from this Court's independent legal rulings. *See Guelde v. Blackwell Motors, Inc.*, No. 4:18-cv-04066-SLD-JEH, 2020 U.S. Dist. LEXIS 269482, at *7-10 (C.D. Ill. Jan. 22, 2020) (rejecting plaintiff's attempt to revisit a dismissal based on alleged mistakes by the IDHR and counsel and holding that reconsideration is not a vehicle to undo a party's own procedural failures).

Accordingly, Plaintiff has failed to establish a basis for relief under Rule 60(b), and his request for relief should be denied.

### III. PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER RULE 60(b)(6) BECAUSE PLAINTIFF FAILS TO ESTABLISH EXTRAORDINARY CIRCUMSTANCES.

Plaintiff's request under Rule 60(b)(6) fails for the same reason as his Rule 60(b)(1) argument. Plaintiff's motion is premised entirely on allegations that his former attorney

mishandled separate OSHA, EEOC, and IDHR proceedings. ECF No. 75-1 at pp. 2-8. Plaintiff alternatively seeks relief under Rule 60(b)(6), the catch-all provision permitting relief for "any other reason that justifies relief." ECF No. 75 at ¶ 5. However, Plaintiff fails to establish the extraordinary circumstances necessary to warrant relief under Rule 60(b)(6).

Rule 60(b)(6) contains a catchall provision providing a remedy for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) applies only if the grounds relied upon for relief do not fall under one or more of the more specific subsections of Rule 60. *FTC v. Credit Bureau Center, LLC*, No. 17 C 194, 2025 U.S. Dist. LEXIS 211059, at *5 (N.D. Ill. Oct. 27, 2025) (citing *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013)). The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. *Bureau of Consumer Financial Protection v. Townstone Financial, Inc*., 350 F.R.D. 32, 36 (N.D. Ill. 2025) (citing *Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015)).

Even if Rule 60(b)(6) were properly invoked, Plaintiff has not demonstrated the "extraordinary circumstances" required to justify relief. Rule 60(b)(6), the catch-all provision, is a highly circumscribed exception within a rule already limited to extraordinary circumstances and permits relief only in the most extraordinary situations upon a compelling showing of inequity, hardship, or unfairness, subject to the district court's broad discretion. *See Chicago v. Accurate Construction Site Services, Inc.,* No. 20-cv-6047, 2021 U.S. Dist. LEXIS 270821, at *6 (N.D. Ill. Nov. 15, 2021).

Plaintiff's request under Rule 60(b)(6) fails because it is based on the same allegations of attorney error and neglect discussed above. Allegations that prior counsel mishandled separate administrative proceedings concern matters entirely distinct from this litigation. To the extent Plaintiff believes he was harmed by counsel's conduct in those proceedings, his remedy was with

10

those agencies, not through Rule 60 relief from this Court's independent legal rulings. Moreover, Plaintiff identifies no extraordinary circumstance warranting relief from the Court's May 8, 2026, Order. Rather, Plaintiff simply improperly seeks reconsideration of the Court's dismissal of Count III. Accordingly, such circumstances do not justify relief under Rule 60(b)(6).

### IV. PLAINTIFF IMPROPERLY USES RULE 60 TO RELITIGATE THE COURT'S DISMISSAL OF COUNT III.

Plaintiff's motion seeks reconsideration of the exact legal issues the Court has already considered and decided. Rule 60 does not provide a mechanism for a litigant to relitigate claims, reargue legal theories, or obtain a second opportunity to persuade the Court to reach a different result. *See Chelmowski v. AT&T Mobility*, 678 F. App'x 420, 421 (7th Cir. 2017) (affirming a district court's denial of a Rule 60(b) motion where the "motion was nothing more than an effort to relitigate matters" that had been conclusively resolved).

Plaintiff's argument that Count III is not preempted by the Railway Labor Act (ECF No. 75-1 at pp. 8-10) was already raised and rejected by this Court. *See* ECF No. 72 at pp. 13-15. Plaintiff does not raise any arguments in this section (ECF No. 75-1 at pp. 8-10) that this Court has not already considered and rejected. Rule 60 does not provide a litigant with an opportunity to relitigate arguments previously presented to and decided by the Court, particularly where doing so would unfairly require the opposing party to relitigate issues already resolved. *See Shanmugavelandy v. AbbVie, Inc.*, No. 22-cv-02975, 2025 U.S. Dist. LEXIS 176660, at *5 (N.D. Ill. Sep. 10, 2025) (finding that a Rule 60(b) motion may not be used as an attempt to relitigate matters that were already decided by the Court).

Plaintiff's argument under subsection (c), "Count III is not preempted by the RLA," appears nearly identical, and in many instances verbatim, to the argument previously raised in Plaintiff's Response in Opposition to Metra's Motion to Dismiss. Compare ECF No. 75-1 at pp.

11

8-10 with ECF No. 57 at pp. 12-15. Plaintiff again argues that his claims arise from independent federal statutory rights rather than the collective bargaining agreement, again relies upon *Hawaiian Airlines v. Norris*, 512 U.S. 246 (1994) and *Carlson v. CSX Transp.*, 758 F.3d 819 (7th Cir. 2014), again argues that the Court should focus on Metra's alleged discriminatory motive rather than interpretation of the collective bargaining agreement, and again contends that Count III challenges a discriminatory seniority system under *Lorance v. AT&T Techs., Inc.*, 490 U.S. 900 (1989).[4] Compare ECF No. 75-1 at pp. 8-10 with ECF No. 57 at pp. 12-15.

In fact, the only addition to Plaintiff's Rule 60 Motion appears on page 9, where Plaintiff argues:

> The Plaintiff, Mr. Potts is an African American male. Mr. Potts worked on the Metra Electric District for Metra which is over 90% African American in its ridership and its conductors. Mr. Potts argued that Metric Electric lines in comparison to the Rock Island line and the Chicago Union Station where the ridership and its conductors are over 50% white were not paid equally to their non-African American counter parts. It is Mr. Potts argument that the Metra's s seniority system was created with racial discriminatory intent and motives. Actual intent to discriminate must be alleged and proved. American Tobacco Co. v. Patterson, 456 U.S. 63, 65, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982). The IDHR found that there was substantial evidence of wage discrimination. Plaintiff's claims turn entirely on whether Metra created this seniority system with the intent of discrimination. It is clear that Metra's intention was to discriminate with its implementation of racial steering of the African American train conductors to the Metra Electric line where its ridership and conductors were over 90% black. Metra Electric conductors essentially worked their 6th day for free while other predominately white district lines did not. See Am. Compl. at ¶¶ 9-10.

ECF No. 75-1 at p. 9.

---

[4] Plaintiff again relies on *Lorance* in purported support of his contention that Count III challenges a discriminatory seniority system rather than requiring interpretation of the collective bargaining agreement. Compare ECF No. 75-1 at pp. 9-10 with ECF No. 57 at pp. 13-14. However, the Court expressly considered and rejected that argument, concluding that *Lorance* involves neither the Railway Labor Act nor any question of preemption and in any event, if *Lorance* is the basis of plaintiff's theory, "his claim is unambiguously time-barred, as he claims to have challenged Metra's pay disparities beginning in 2020—so any seniority system that yielded those inequities had to have been in place before that date, and thus long before plaintiff filed his EEOC charge." *See* ECF No. 72 at p. 15. Plaintiff's repeated reliance on *Lorance* therefore provides no basis for Rule 60 relief.

First, as Plaintiff's own citation demonstrates, Plaintiff expressly relies upon allegations contained in his First Amended Complaint (ECF No. 33), including paragraphs 9-10, 14, 31, 35, and 83. Thus, the factual basis for this argument was before the Court when it considered Metra's Motion to Dismiss. The Court nevertheless concluded that Count III was preempted by the Railway Labor Act and, alternatively, time barred. ECF No. 72 at pp. 13-15. None of the arguments raised in Plaintiff's Rule 60 Motion undermines either basis of the Court's ruling in this case.

Plaintiff's Rule 60 Motion does not identify any mistake, inadvertence, surprise, or excusable neglect relating to this Court's dismissal of Count III. Fed. R. Civ. P. 60(b)(1). Nor does Plaintiff identify any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Instead, Plaintiff simply repackages arguments previously presented to and rejected by this Court and asks the Court to reach a different result, which is not the purpose of Rule 60(b). *See Shanmugavelandy*, 2025 U.S. Dist. LEXIS 176660, at *5 (rejecting a Rule 60(b) motion where the plaintiff attempted to "relitigate" arguments previously raised and decided and finding that the motion was "another attempt by Plaintiff to relitigate matters that were already decided by the Court"); *see also Parker v. Loyal*, No. 1:15-cv-00826-JMS-TAB, 2017 U.S. Dist. LEXIS 89586, at *11 (S.D. Ind. June 12, 2017) (denying Rule 60(b) relief where the plaintiff attempted to relitigate issues previously resolved by the court and explaining that a party "may not use a Rule 60(b) motion to relitigate [his] claim").

Accordingly, Plaintiff has failed to establish any basis for relief under Rule 60(b)(1) or Rule 60(b)(6), and his request to reinstate Count III should be denied.

WHEREFORE, Defendant METRA respectfully requests that this Court deny Plaintiff's Motion for Relief from Judgment in its entirety and awarding any such other relief to Defendant as required by justice.

**Date**:  July 9, 2026

Respectfully submitted,

**NORTHEAST ILLINOIS REGIONAL
COMMUTER RAILROAD
CORPORATION d/b/a METRA**

By:  */s/ Renée L. Koehler*
Renée L. Koehler
KOEHLER DINKEL LLC
900 S. Frontage Road, Suite 300
Woodridge, Illinois 60517
Phone: (630) 505-9939
Email: rkoehler@kdllclaw.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 9, 2026, she caused the foregoing

**DEFENDANT METRA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR**

**RELIEF FROM JUDGMENT** to be electronically filed with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the following counsel of record:

Glori C. Bond
THE BOND LEGAL GROUP LLC
P.O. Box 39
Matteson, Illinois 60443
Phone: (708) 412-1536
Email: gbond@thebondlegalgroup.com

By:    *Stephanie M. Dinkel*
Stephanie Dinkel, Esq.
KOEHLER DINKEL LLC
900 S. Frontage Rd., Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939

15